UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO. 8:23-cv-1082-SDM-AAS
                                                                          8:18-cr-573-SDM-AAS
REGINALD JONES, JR.

_____/

## ORDER

Jones moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his convictions (1) for conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana and (2) for using, carrying, and discharging a firearm in furtherance of a drug trafficking offense, for which he is imprisoned for 180 months.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)* (affirming that the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief "); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss

---

* Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

Jones's direct appeal ended on July 15, 2022, and became final ninety days later upon expiration of the time to petition for a writ of *certiorari*. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for *certiorari* with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Because Jones filed his motion to vacate less than a year later in May, 2023, the motion to vacate is timely.

In affirming the convictions, the circuit court's opinion (Doc. 346 at 2–3 in 18-cr-573) recites the following facts:

> Briefly stated, Williams's and Jones's convictions stem from their membership in a gang and from a gang-related shooting in May 2018. Williams and Jones are members of a gang known as the "Bird Gang" or the "Wayne Gang." At the time of the shooting, the gang had been the subject of a months-long investigation by police for drug-trafficking activities in and around the Tampa Park neighborhood in Florida. The gang's drug activities operated chiefly out of a rooming house known as the "Blue House."
>
> The Blue House was owned by a woman named Ms. Roberts. On the day of the shooting, several Bird Gang members confronted a son of Ms. Roberts and accused him of snitching on them to the police. Later that day, Ms. Roberts and her two adult sons arrived at the Blue House and attempted to remove the gang members from the property. A gunfight erupted during which Williams and Jones each had a gun and each shot at the Roberts family. During the incident, Williams suffered a gunshot wound and was driven to the hospital by a fellow gang member.

Jones alleges that his conviction is invalid because the United States used an "improper indictment procedure." Jones complains that the prosecution began without an "affidavit of criminal complaint" and that, because he did not know that he was the subject of the grand jury, he did not have an opportunity to object to the composition of the grand jury. Jones contends that the district court lacked subject matter jurisdiction because the United States offered no proof that he had "contracts in interstate commerce."

Jones should have raised his claims in the district court and on direct appeal. As a general principle, a claim not timely raised is procedurally barred from review in a collateral action. "The general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). *See also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989) ("In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding.") *See McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001).

Moreover, Jones forfeited these challenges by not timely moving to dismiss in a pre-trial motion under Rule 12(b)(3), Federal Rules of Criminal Procedure, as *United States v. Seher*, 562 F.3d 1344, 1359 (11th Cir. 2009), instructs:

> As a preliminary matter, we note that the Appellants appear to have waived their ability to raise this issue because they failed to challenge the indictment on these grounds pre-trial. Generally, a defendant must object before trial to defects in an indictment, and the failure to do so waives any alleged defects. *See United States v. Ramirez*, 324 F.3d 1225, 1227–28 (11th Cir. 2003) (*per curiam*) (defendants waived issue of defective indictment where they did

> not raise a statute of limitations defense to the indictment before trial); *see also* Fed. R. Crim. P. 12(b)(3), (e).
>
> The only exception to this waiver rule is for claims that the indictment "fails to invoke the court's jurisdiction or to state an offense," which may be made at any time during the proceedings.

A resulting forfeiture for not timely asserting a right is not a new principle. *See, e.g., Yakus v. United States*, 321 U.S. 414, 444 (1944) ("No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."). *See also Davis v. United States*, 411 U.S. 236 (1973) (recognizing that Rule 12 "precludes untimely challenges to grand jury arrays, even when such challenges are on constitutional grounds" and rejecting a direct challenge to the jury selection process in a motion to vacate under Section 2255); *United States v. Kaley*, 677 F.3d 1316, 1325–26 (11th Cir. 2012) (discussing many rights that are subject to forfeiture in a criminal proceeding), *aff'd and remanded*, 571 U.S. 320 (2014).

Lastly, Jones's contention that subject matter jurisdiction is lacking if "contracts in interstate commerce" are lacking is meritless.

The motion (Doc. 1) under 28 U.S.C. § 2255 is **DENIED**. The clerk must (1) enter a judgment and close this civil case and (2) enter a copy of this order in the criminal case.

### DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Jones is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his

motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Jones must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Jones is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Jones must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 23, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE